IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY J. BUCK,

                Plaintiff,

v.

BNSF RAILYWAY COMPANY,

                Defendant.

OPINION and ORDER

24-cv-232-wmc

---

Plaintiff Randy J. Buck, a locomotive engineer for defendant BNSF Railway Company, seeks to recover damages for alleged "severe mental and physical injuries" suffered when he released an engine's handbrake. Dkt 1 at 3. This order addresses defendant's motion to compel production of plaintiff's mental health records related to his emotional distress.[1]  Dkt. 20. Because plaintiff has limited his claim to garden variety emotional distress, the court DENIES defendant's motion.

LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

---

[1] Defendant also moved to compel production of plaintiff's medical records related to his claimed spinal injuries. Dkt. 21 at 6–7. That request is DENIED as moot in light of plaintiff's response that he has agreed to provide a medical authorization for records concerning his cervical treatment. Dkt. 24 at 1–2. Only the parties' dispute over plaintiff's mental health records remains unresolved.

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

ANALYSIS

Defendant argues that it is entitled to review plaintiff's mental health records. Patients, like plaintiff, hold a limited privilege over information concerning their mental health. *McGlenn v. Madison Metro. Sch. Dist.*, No. 21-cv-683-jdp, 2024 WL 359107, at *1 (W.D. Wis. Jan 31, 2024) (citing *Jaffee v. Redmond*, 518 U.S. 1, 10 (1996)). But this privilege can be waived, *id.*, including if a plaintiff places his mental health at issue by seeking damages for emotional distress. *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006). In that instance, the defendant may discover any related mental health records and subject the plaintiff to a mental health examination. *Id.*

But there is an exception to this waiver rule: A party does not waive his mental health privilege if the evidence he presents on emotional harm is limited to "garden variety emotional distress." *See McGlenn*, No. 21-cv-683-jdp, 2024 WL 359107, at *1 (collecting cases); *see also Hess v. Garcia*, No. 21-CV-101-JD-MGG, 2024 WL 2846474, at *7 n. 12 (N.D. Ind. June 4, 2024) (collecting cases). This is the kind of emotional distress "within the range of what a healthy, well-adjusted person would feel as the result of the defendant's conduct" that "may not b[e] supported or negated by expert testimony or by evidence of plaintiff's counseling or therapy" but rather by "testimony about plaintiff's emotional state or conduct." *Id.*, at *4. The exception does not apply, however, if a plaintiff's emotional distress is sufficiently extreme to suggest it could have been caused by something other than defendant's conduct, such as an

undisclosed mental health condition.  *Id.*, at *3.  This is because "it would be unfair to allow the plaintiff to seek damages for that distress without allowing the defendant to obtain discovery that could undermine the claim."  *Id.*

Defendant agrees that plaintiff may preserve the privilege in his medical records if plaintiff agrees to a proper "garden variety" limit.  Dkt. 21 at 8.  But defendant argues that plaintiff seeks damages beyond that limit as evidenced by his allegation of severe mental injures in his complaint and testimony at his deposition that he would seek mental health treatment if his condition worsened.  Defendant also notes that plaintiff admits to a history of anxiety and depression that could account for his current emotional distress.

The court will not require disclosure of plaintiff's mental health records at this time.  Although plaintiff used commonplace, broad language in his complaint and testified that he experienced anxiety and depression when he could not return to work due to his physical injuries, plaintiff states that his emotional damages claim is "plainly limited to the garden variety."  Dkt. 24 at 5.  Indeed, plaintiff has not noticed any mental health experts.  *See* Dkt. 25–1 (plaintiff's expert witness disclosures).  And plaintiff's deposition testimony does not suggest that he means to back door any claim for more severe emotional distress.[2]  Plaintiff testified that while he had been treated for anxiety and depression between 2010 and 2014, his current experience with these feelings "set in" after the injury because he could not return to work and he was not taking any medication and had not sought any treatment from a counselor, therapist, or life coach.  Dkt. 23–1 at 146:13-148:24.  Plaintiff's testimony to date

---

[2] To the extent defendant is concerned that plaintiff, plaintiff's experts, or any other witness will offer undisclosed testimony about plaintiff's emotional distress at trial, defendant can litigate the issue as part of trial preparation via a motion in limine.

does not suggest that his current feelings of anxiety and depression stem from anything other than the incident in question and his related inability to work.

At bottom, a plaintiff is free to limit his emotional damages claim as the case progresses. *See, e.g.*, *Caine v. Burge*, No. 11-C-8996, 2012 WL 6720597, at *4 (N.D. Ill. Dec. 27, 2012) (it was plaintiff's strategic decision in discovery to limit emotion damages to garden variety and maintain the psychotherapist-patient privilege). And plaintiff has now done so here. Dkt. 24 at 5. Because plaintiff has limited his emotional damages claim to garden variety, waiver does not apply, and the court will not order the disclosure of his mental health records.

## ORDER

IT IS ORDERED that:

1. Defendant's motion to compel, Dkt. 20, is DENIED.
2. Each party shall each bear their own costs in litigating this motion.

Entered February 6, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge